1   Anne Johnson Palmer (SBN 302235)          Gregory Demers (*pro hac vice forthcoming*)
    ROPES & GRAY LLP                          ROPES & GRAY LLP
2   Three Embarcadero Center                  Prudential Tower
3   San Francisco, CA 94111-4006              800 Boylston Street
    Telephone: (415) 315-6300                 Boston, MA 02199-3600
4   Facsimile: (415) 315 6350                 Telephone: 617-951-7000
    Email:anne.johnsonpalmer@ropesgray.com    Facsimile: 617-951-7050
5                                             Email: gregory.demers@ropesgray.com

6   Jeremiah Williams (SBN 244660)            Nicholas Macri (*pro hac vice forthcoming*)
    ROPES & GRAY LLP                          ROPES & GRAY LLP
7   2099 Pennsylvania Avenue, N.W.            1211 Avenue of the Americas
8   Washington, DC 20006-6807                 New York, NY 10036-8704
    Telephone: 202-508-4600                   Telephone: 212-596-9000
9   Facsimile: 202-508-4650                   Fax: 212-596-9090
    Email: jeremiah.williams@ropesgray.com    Email: nicholas.macri@ropesgray.com
10

11  Attorneys for Defendants *Semper Midas Fund, Ltd.;*
    *Gregory A. Parsons; Semper Capital Management, L.P.;*
12  *Semper Capital Partners LLC; RDP I LLC; RSL Capital LLC;*
    *Stephen C. Ellwood; Richard D. Parsons; Ronald S. Lauder;*
13  *and Gregory W. Ellis*

14

15                    **UNITED STATES DISTRICT COURT**

16                    **NORTHERN DISTRICT OF CALIFORNIA**

17

18  ALAN B. KALIN,                              Case No. _____

19              Plaintiff,                      (San Mateo County Superior Court No. 21-
                                                CIV-00134)
20       v.

21  SEMPER MIDAS FUND, LTD.; GREGORY           **NOTICE OF REMOVAL OF CIVIL**
    A. PARSONS, AN INDIVIDUAL; DAVID           **ACTION PURSUANT TO 28 U.S.C. §§**
22  BREE, AN INDIVIDUAL; SEMPER                **1332, 1441, AND 1446**
    CAPITAL MANAGEMENT, L.P.; SEMPER
23  CAPITAL PARTNERS LLC; RDP I LLC; RSL
    CAPITAL LLC; STEPHEN C. ELLWOOD,
24  AN INDIVIDUAL; RICHARD D. PARSONS,
    AN INDIVIDUAL; RONALD S. LAUDER,
25  AN INDIVIDUAL; AND GREGORY W.
    ELLIS, AN INDIVIDUAL; AND DOES 1
26  THROUGH 20,

27              Defendants.

28

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Semper Midas Fund, Ltd., Gregory A. Parsons, Semper Capital Management, L.P., Semper Capital Partners LLC, RDP I LLC, RSL Capital LLC, Stephen C. Ellwood, Richard D. Parsons, Ronald S. Lauder, and Gregory W. Ellis (the "Removing Defendants")[1], hereby remove the case filed by Alan B. Kalin (the "Plaintiff") captioned *Alan B. Kalin, an individual, v. Semper Midas Fund, Ltd.; Gregory A. Parsons, an individual; David Bree, an individual; Semper Capital Management, L.P.; Semper Capital Partners LLC; RDP I LLC; RSL Capital LLC; Stephen C. Ellwood, an individual; Richard D. Parsons, an individual; Ronald S. Lauder, an individual; and Gregory S. Lauder, an individual; and DOES 1 through 20* (collectively, the "Defendants"), Case No. 21-CIV-00134 (the "Action"), from the Superior Court of the State of California, County of San Mateo to the United States District Court for the Northern District of California.  As grounds for removal of the Action, the Removing Defendants state as follows:

## PROCEDURALLY PROPER REMOVAL

1.      Removal of the Action is timely under 28 U.S.C. § 1446(b). Section 1446(b) provides that a notice of removal shall be filed within thirty (30) days after formal service of the complaint. *See* 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that 30-day period under § 1446 runs from the service of the summons even if the complaint is filed earlier).  The Complaint in this Action was filed on January 11, 2021, and copies of the summons and Complaint were sent to the Removing Defendants on January 13, 2021.  The Removing Defendants accepted service of process on January 27, 2021. Plaintiff has not filed proof that any other named Defendant has been served.  Thus, this Notice of Removal is timely.

2.      Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint, together with "all process, pleadings, and orders served upon" the Removing Defendants are attached hereto as

---

[1] The remaining named defendant, David Bree, is not a party to this Notice of Removal, and has not been served, to the best of undersigned counsel's knowledge.  As such, Mr. Bree's consent is not required. *See* 28 U.S.C. § 1446(b)(2) (providing that "all defendants who have been properly joined and served must join in or consent to the removal of the action").

NOTICE OF REMOVAL
CASE NO: _____

Exhibit A. The Removing Defendants have not answered or otherwise responded to the Complaint.

3.      Pursuant to 28 U.S.C. § 1446(d), the Removing Defendants will file a copy of this Notice of Removal with the Clerk of the Superior Court for the State of California for the County of San Mateo and will serve Plaintiff with a copy of the same promptly after filing.

4.      Removal to this Court is proper under 28 U.S.C. § 1441(a) because this district and division "embrac[e] the place where such action is pending."  The San Mateo County Superior Court is located within the Northern District of California.

<strong><u>JURISDICTION</u></strong>

5.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) all other requirements for removal have been satisfied.

<strong><u>INTRADISTRICT ASSIGNMENT</u></strong>

6.      Removal and assignment of the Action to this Court is proper because Plaintiff, in filing this Action in San Mateo County Superior Court, has alleged that a substantial part of the events or omissions giving rise to this lawsuit occurred in this district. *See* Civil L.R. 3-2(c), (d); Cal. Civ. Pro. Code § 395; Compl. ¶ 3.

<strong><u>BASIS FOR REMOVAL</u></strong>

**I.      THERE IS COMPLETE DIVERSITY OF CITIZENSHIP**

7.      This Court has original jurisdiction over the Action because complete diversity of citizenship is present.  Upon information and belief, Plaintiff is a resident of California, and all Defendants are citizens of states or foreign states other than California.

**A.      Plaintiff Is a Citizen of California**

8.      Upon information and belief, Plaintiff is a resident of California.

**B.      None of the Individual Defendants Is a Citizen of California**

9.      Defendant Gregory A. Parsons is a citizen of New Jersey.

10.      Defendant David Bree is a citizen of the Cayman Islands.

-3-

11.   Defendant Stephen C. Ellwood is a citizen of New York.

12.   Defendant Richard D. Parsons is a citizen of New York.

13.   Defendant Ronald S. Lauder is a citizen of New York.

14.   Defendant Gregory W. Ellis is a citizen of New York.

**C.   None of the Corporate or Partnership Defendants Is a Citizen of California**

15.   For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).  A limited liability company is a citizen of every state in which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  A partnership is a citizen of every state in which its partners are citizens.  *Id.*  A trust has the citizenship of its trustees. *Id.*

16.   Applying these principles, none of the corporate, partnership, or limited liability company defendants is a citizen of California.

17.   Defendant Semper Midas Fund, Ltd. is a corporation organized under the laws of the Cayman Islands with its principal place of business in the Cayman Islands.

18.   Defendant Semper Capital Partners LLC is a Delaware limited liability company. Semper Capital Partners LLC's members are Gregory A. Parsons, a citizen of New Jersey; Thomas Mandel, a citizen of Pennsylvania; and Gregory W. Ellis, a citizen of New York.

19.   RDP I LLC is a Delaware limited liability company with its principal place of business in New York, New York.  RDP I LLC's sole member is Richard D. Parsons, a citizen of New York.

20.   RSL Capital LLC is a Delaware limited liability company with its principal place of business in New York, New York. RSL Capital LLC's sole member is Ronald S. Lauder, a citizen of New York.

21.   Defendant Semper Capital Management, L.P. is a Delaware limited partnership. Compl. ¶ 30.  Its members, none of whom are California citizens, are listed below:

   a)   Semper Capital Partners LLC is a Delaware limited liability company. Semper Capital Partners LLC's members are Gregory A. Parsons, a citizen of New

-4-

Jersey; Thomas Mandel, a citizen of Pennsylvania; and Gregory W. Ellis, a citizen of New York.

b) Gregory A. Parsons is a citizen of New Jersey.

c) RDP I LLC is a Delaware limited liability company with its principal place of business in New York, New York. RDP I LLC's sole member is Richard D. Parsons, a citizen of New York.

d) RSL Capital LLC is a Delaware limited liability company with its principal place of business in New York, New York. RSL Capital LLC's sole member is Ronald S. Lauder, a citizen of New York.

e) Jack Binion is a citizen of Nevada.

f) Andrew J. Astrachan Trust is a Nevada trust. The Andrew J. Astrachan Trust's sole trustee is Andrew J. Astrachan, a citizen of Nevada.

g) Advent Capital Management is a Delaware limited liability company with its principal place of business in New York, New York. Advent Capital Management's members are Tracy Maitland, a citizen of New York, and Benin Holdings, a Delaware limited liability company. Benin Holdings's sole member is Jack Binion, a citizen of Nevada.

22.    Accordingly, all of the Defendants are citizens of a state or foreign state other than California.

## II.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

23.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owen*s, 574 U.S.81, 89 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 87. In determining the amount in controversy, courts first look to the complaint, as "[g]enerally[] 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

-5-

24.     Here, Plaintiff alleges that he experienced a loss of $307,323.44 as a result of his investment in Semper Midas Fund. Ltd., Compl. ¶¶ 1, 6, and that he is entitled to recover damages from the Defendants for those losses pursuant to Cal. Corp. Code §§§ 25401, 25501, and 25504, Compl. ¶¶ 42-46. As a result, it is clear that the alleged amount in controversy exceeds $75,000.

## III.    ALL OTHER REMOVAL REQUIREMENTS ARE TIMELY

### A.     The Notice of Removal Is Timely

25.     This Notice of Removal is timely filed. The Removing Defendants received a copy of the Complaint on January 13, 2021. Because the Removing Defendants filed the Notice of Removal on February 11, 2021, removal is timely. *See* 28 U.S.C. § 1446(b)(1).

### B.     All Properly Joined and Served Defendants Consent to Removal

26.     For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

27.     All of the Removing Defendants were properly served and consent to removal. The Removing Defendants expressly reserve, and do not waive, all defenses related to service of process and personal jurisdiction.

28.     Defendant David Bree, the remaining named defendant, has not been properly served to the best of undersigned counsel's knowledge, and thus his consent is not required. *See Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011).

29.     By filing this Notice of Removal, none of the Removing Defendants waive any defenses that may be available to them and reserve all such defenses. If any question arises as to the propriety of the removal to this Court, the Removing Defendants request the opportunity to present a brief and oral argument in support of their position that this case has been properly removed.

### C.     Notice of Removal

30.     Pursuant to 28 U.S.C. § 1446(d), the Removing Defendants will give written notice of the filing of this Notice of Removal to all parties of record in this matter, and will file a

copy of this Notice with the clerk of Superior Court of the State of California, County of San Mateo.

## **<u>CONCLUSION</u>**

By this notice, the Removing Defendants do not waive (and expressly reserve) any objections they may have as to improper service, jurisdiction, or venue, or any other defenses or objections to this Action. Defendants intend no admission of fact, law, or liability by this notice, and reserve all defenses, motions, and pleas.

BASED ON THE FOREGOING, Defendants hereby remove the above-captioned Action, formerly pending in the Superior Court of the State of California, County of San Mateo to the United States District Court for the Northern District of California.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

NOTICE OF REMOVAL
CASE NO: _____

1

Respectfully submitted,

2

Dated: February 11, 2021

By: /s/ Anne Johnson Palmer

3

Anne Johnson Palmer
ROPES & GRAY LLP

4

Three Embarcadero Center, Suite 300
San Francisco, CA 94111-4006

5

Tel: (415) 315-6300
Fax: (415) 315-6350

6

Anne.Johnsonpalmer@ropesgray.com

7

Jeremiah Williams (SBN 244660)

8

ROPES & GRAY LLP
2099 Pennsylvania Avenue, N.W.

9

Washington, DC 20006-6807
Tel: 202-508-4600

10

Fax: 202-508-4650
jeremiah.williams@ropesgray.com

11

12

Gregory Demers (*pro hac vice forthcoming*)
ROPES & GRAY LLP

13

Prudential Tower
800 Boylston Street

14

Boston, MA 02199-3600
Tel: 617-951-7000

15

Fax: 617-951-7050
gregory.demers@ropesgray.com

16

17

Nicholas Macri (*pro hac vice forthcoming*)
ROPES & GRAY LLP

18

1211 Avenue of the Americas
New York, NY 10036-8704

19

Tel: 212-596-9000
Fax: 212-596-9090

20

nicholas.macri@ropesgray.com

21

22

*Attorneys for Defendants Semper Midas Fund, Ltd.; Gregory A. Parsons; Semper Capital Management, L.P.; Semper Capital Partners LLC; RDP I LLC; RSL Capital LLC; Stephen C. Ellwood; Richard D. Parsons; Ronald S. Lauder; and Gregory W. Ellis*

23

24

25

26

27

28

-8-