# EXHIBIT A

DAVID M. FURBUSH (CA Bar # 83447)
**Law Office of David M. Furbush**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 655-1121
Email: dmf@furbush.com

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON 1/11/2021
By **/s/ Anthony Berini**
**Deputy Clerk**

Attorney for Plaintiff Alan B. Kalin

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN MATEO**

| | |
|---|---|
| Alan B. Kalin, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Semper Midas Fund, Ltd.; Gregory A. Parsons, an individual; David Bree, an individual; Semper Capital Management, L.P.; Semper Capital Partners LLC; RDP I LLC; RSL Capital LLC; Stephen C. Ellwood, an individual; Richard D. Parsons, an individual; Ronald S. Lauder, an individual; and Gregory W. Ellis, an individual; and DOES 1 through 20.<br><br>Defendants. | Case No.: 21-CIV-00134<br><br>**COMPLAINT FOR VIOLATION OF THE CALIFORNIA SECURITIES LAWS** |

Plaintiff alleges:

## NATURE OF THIS ACTION

1. This is an action by Plaintiff Alan B. Kalin ("Plaintiff" or "Kalin") to recover damages for catastrophic losses incurred on an investment made in the Semper Midas Fund, Ltd. (the "Fund").

2. The Fund was established to invest primarily in mortgage-backed securities ("MBS"), asset backed securities ("ABS"), commercial mortgage-backed securities ("CMBS") and other fixed income securities across the capital structure and credit quality spectra, as well as direct obligations

of the United States or any agency or instrumentality thereof ("Treasury and Agency Securities"), money market instruments including commercial paper and repurchase agreements collateralized by Agency and non-Agency MBS (meaning mortgage backed securities not issued or guaranteed by any government agency such as FNMA or GNMA) and other assets.

3. On December 1, 2019, Plaintiff purchased, through the Alan Kalin IRA, his self-directed investment retirement account, securities of the Fund in the amount of $330,000. The purchase was made in California. In making his investment, Plaintiff relied upon an offering memorandum prepared by the Fund's investment advisor, Semper Capital Management, L.P. ("Semper Capital").

4. On April 22, 2020, a mere five months after his investment, Plaintiff was shocked to receive a letter from Semper Capital stating the Fund had experienced a loss in value of "over 50%" during the preceding month. As Plaintiff later learned, this was a dramatic understatement. He was subsequently informed that his investment had lost 93% of its value in just a matter of a few days.

5. The offering memorandum and other communications from the Fund and Semper Capital contained written or oral communication that included untrue statements of material fact and omitted to state material facts necessary to make the statements made, in the light of the circumstances under which the statements were made, not misleading, in violation of the California securities laws.

6. In October 2020, Plaintiff sold his securities back to the Fund for $ 22,676.56, for a loss of $307,323.44, over 93% of his original investment.

7. This action is brought against the Fund, Semper Capital, and several persons and entities who controlled the Fund for recovery of Plaintiff's losses.

## CAUSES OF THE LOSS

8. Following the catastrophic loss of his investment, Plaintiff had a telephone call with Tom Mandel, Chief Investment Officer of Semper Capital, to understand what had happened.

9. Mandel informed Plaintiff that at the time of Plaintiff's investment in Semper Midas and into March 2020, the Fund had equity capital of approximately $180 million, and debt (or leverage) of approximately $2 for each $1 of equity, or approximately $360 million, with total investment assets about equal to the sum of equity + debt. The investments consisted almost entirely

of mortgage-backed securities (MBS) not issued or guaranteed by a government agency, i.e., non-agency MBS. In turn, per Tom Mandel, the leverage in the fund consisted entirely of 30-day repurchase agreements (reverse repurchase agreements from a seller's perspective). These are commonly referred to as repo arrangements.

10. Repo is a generic name for both repurchase transactions and buy/sell-backs arrangements. In a repo, the first party sells an asset (usually fixed-income securities) to the second party at one price and commits to repurchase the same or another part of the same asset from the second party at a different price at a future date or (in the case of an open repo) on demand. If the first party (seller) defaults during the life of the repo, the second party (buyer) can sell the asset to a third party to offset his loss. The asset therefore acts as collateral and mitigates the credit risk that the buyer assumes with respect to the seller.

11. Although an asset is sold outright at the start of a repo, the commitment of the seller to buy back the asset in the future means that the buyer has only temporary use of that asset, while the seller has only temporary use of the cash proceeds of the initial sale. Thus, although the repo is structured legally as a sale and repurchase of securities, it behaves economically like a collateralized or secured loan. The principal use of repo arrangements is in fact the secured borrowing and lending of cash.

12. The difference between the price paid by the buyer at the start of a repo and the price he receives at the end is his return on the cash that he is effectively lending to the seller. This return is quoted as a percentage per annum rate and is called the repo rate. This is economically equivalent to interest on a loan.

13. For clarity and simplicity, when repo agreements are discussed in this Complaint, the Fund (the seller of assets in the repo) will be referred to as the borrower and the counterparty (the purchaser of assets in the repo) will be referred to as the lender.

14. The term of repo agreements can range from 24 hours to two or more years. All the repo agreements used by the Fund had a 30-day term, according to Tom Mandel.

15. The use of such short-term repos to borrow heavily against long-term assets (mortgage-backed securities) exposed the Fund to significant, undisclosed risks. One such risk is that

if short-term interest rates increase dramatically it will become more expensive to roll over the debt. Another such risk, which no doubt played a major role in the debacle, is that if the value of the underlying collateral (the mortgage-backed securities) declines and does not recover very quickly, it will become impossible to roll over the short-term repo agreements because the collateral will no longer support that amount of borrowing. In that circumstance, the borrower (the Fund) will have to sell assets at an already depressed price to pay down debt, accelerating the decline in the value of the assets held by the Fund. In contrast, longer duration borrowing (even with the same amount of leverage) would buy time for asset values to potentially recover, to negotiate with the counterparty to relax or extend margin requirements to keep the obligation from becoming a bad asset on the books of the counterparty, to refinance this form of indebtedness with more conventional borrowing facilities, and to raise additional equity capital to stave off forced sales of the Fund's assets.

16. This risk was further exacerbated by the fact that the collateral for the repos was not diversified in the sense that almost all of it was of the same asset class -- non-agency mortgaged backed securities. This resulted in the collateral being highly correlated such that any macro-economic event that might affect one asset would likely affect all assets to a similar degree.

17. To make things even worse, the repo agreements deployed by the Fund, had "margin" requirements that obligate the Fund to maintain collateral value equal to a stipulated percentage multiplied by the original asset purchase amount. This was a high percentage of original collateral value. Even worse still was the fact that the Fund's repo agreements contained daily "mark to market" provisions that allowed the lender to base a margin call on a single-day price decline and to demand payment no later than close of business on the following trading day. While theoretically the Fund could satisfy that demand by adding securities to the collateral held by the lender and/or by delivering cash to the lender, the over-leveraged condition of the Fund meant that it had no wherewithal to do this.

18. In the case of the Fund the margin deficit became large due to a sudden, although very brief and temporary, lack of liquidity in the market for mortgage-backed securities, resulting in a large spread between "bid" and "ask" prices for such securities. On information and belief, for at least a few days in March 2020 the spread was larger than 30%. Very few transactions occurred on these

days making it difficult or impossible to attribute a "market price" to the collateral, but when counterparties forced liquidation of the collateral the sales were made at the abnormally low "bid" prices, with the losses being absorbed by the Fund investors. Because of the high leverage of the Fund, forced sale of its assets at, say, a 30% discount meant an actual loss of 90%.

19. None of this was unforeseeable. There had been at least three similar liquidity crises affecting the structured credit markets since 2010. Prudent managers will subject their portfolios to periodic stress testing. Stress testing involves, among other things, simulations designed to evaluate what are called "scenarios" to a given portfolio. A scenario is a representation of a macro-economic or geopolitical event which has the potential to impact investment returns. Proper stress testing requires simulating a broad spectrum of risk scenarios to evaluate the effect on a portfolio. In this case, however, the Fund's stress testing was woefully inadequate and failed to test scenarios that were reasonably foreseeable and in fact had occurred over the prior decade.

20. Prior to making his investment in the Fund, Plaintiff was provided two "Fact Sheets" about the Fund prepared by Semper Capital, one showing that leverage as of June 2019 was 185% and the other showing that leverage as of September 2019 was 200%. Although the Fund and Semper Capital provided a leverage figure, they omitted material information needed to understand the risks associated with that leverage, including, that the leverage resulted entirely from risky short-term repo agreements; that all of the leverage was collateralized with essentially the same type of security, thus concentrating 100% of the default risk in a single asset category; that in the event of temporary illiquidity for non-agency MBS the repo agreements could require immediate forced sale or trigger seizure of virtually all the assets of the Fund into an illiquid market resulting in catastrophic losses; that all of the repo agreements were subject to daily mark-to-market margin calls; that the Fund had no other credit facilities or sources of capital to forestall forced asset sales or seizures; that the Fund had no hedging positions to reduce the losses to the Fund in such a scenario; and that the Fund managers were not routinely stress-testing the Fund's portfolio for a range of significant price declines and volatility of the type seen repeatedly in recent financial history. Uninformed of these risks, and in reliance on numerous assurances in the offering memorandum regarding preservation of capital, stress-testing, scenario analysis, liquidity, hedging strategies, risk management and downside

protection, as more fully described below, Plaintiff felt comfortable making his investment.

**FALSE AND MISLEADING STATEMENT RELIED UPON BY PLAINTIFF**

21. The offering memorandum was full of reassuring statements emphasizing the safety and security of the Fund's investments. It represented that the Fund relied on Semper Capital's decades of experience to minimize the risk of its investments. It represented that Semper Capital engaged in rigorous quantitative analysis, including bottom-up, loan level credit analysis and ***"structured stress-testing with thoughtful qualitative analysis."*** It represented that Semper Capital's expertise and vigilance would ***"preserve capital and maintain ample near-term liquidity."*** The offering memorandum emphasized that Semper Capital had been in existence since 1992 and that that its clients include corporations, foundations and universities, mutual funds, and public funds. It asserted that Semper Capital ***"focuses on adding value to client portfolios by disciplined investment management."***

22. It touted Semper Capital would uncover and extract value through ***"rigorous fundamental analysis, dynamic cross sector risk allocation and continuous technological development while creating a diversified portfolio maximizing risk and reward profiles with a constant focus on liquidity, risk management and downside protection."***

***23.*** The offering memorandum assured investors that Semper Capital engaged in rigorous qualitative and quantitative analysis, including, but not limited to: i) Asset Selection: focus on in depth collateral analysis, structure, relative value and market technicals; ii) Quantitative Analysis: ***rigorous cash flow modeling, scenario analysis and stress testing***; iii) Allocation of Capital: determined by the relative value opportunity while balancing each sector's depth and liquidity; and iv) "***Dynamic Hedging and Risk Management: continuous monitoring of hedging strategies for each sector and overall portfolio."***

***24.*** The offering memorandum downplayed the extent of leverage employed by Semper Capital, and nowhere disclosed its highly risky short-term repo agreements, masking the enormous risk to which these two factors exposed the Fund. With regard to leverage, the memorandum stated blithely that the Fund "***may*** also utilize leverage" and that this would involve "certain risks." It stated that the use of leverage may increase the ***volatility*** of the Fund – not that it would expose it to

catastrophic losses. With regard to repo agreements, the memorandum stated that these presented ***"a certain amount of collateral risk"*** but that by utilizing hedging strategies any decline in value would be ***"substantially, if not fully, offset by the hedging vehicle."***

25. These representations were false and/or omitted to state facts necessary to make them not misleading. The truth was:

a. Semper Capital used extreme leverage procured through very short-term repo agreements in which the collateral was marked to market every day and in which a margin call would have to be satisfied within by the close of business the following day or else see the collateral sold at fire sale prices. This exposed the Fund to a high level of risk, contrary to the assurances in the offering memorandum that the Fund would maintain ample near-term liquidity and a constant focus on liquidity, risk management and downside protection.

b. The portfolio was not "diversified" but rather concentrated almost entirely in a single asset class, exposing the Fund to a high level of risk in the event that asset class were to experience a transient lack of liquidity.

c. The touted "stress-testing" was either non-existent or utterly failed to consider readily foreseeable events such as a temporary lack of liquidity in the market for the collateralized securities.

d. The promised "hedging strategies" and "hedging vehicle" that would "substantially, if not fully offset" a decline in value of the collateral was a fiction.

## **THE DEFENDANTS**

### **The Fund**

26. The Fund is a corporation formed under the laws of the Cayman Islands and having its principal place of business in the Cayman Islands.

### **The Director Defendants**

27. Defendant Gregory A. Parsons is a Director of the Fund and controls the Fund. As such he is statutorily liable under Cal. Corp. Code § 25504 for the Fund's violations of law.

28. Defendant David Bree is a Director of the Fund and controls the Fund. As such he is

statutorily liable under Cal. Corp. Code § 25504 for the Fund's violations of law.

29. Gregory Parsons and Bree are hereinafter referred to as the Director Defendants.

**The Semper Capital Defendants**

30. Defendant Semper Capital Management, L.P. ("Semper Capital"), a Delaware limited partnership, is the investment manager of the Fund. Semper Capital directed and controlled all sales, marketing, and investment activities of the Fund. Among other things, Semper Capital authored the offering memorandum containing the misrepresentations described below. As a control person of the Fund, and as the direct maker of the misrepresentations on which this Complaint is based, Semper Capital is statutorily liable under Cal. Corp. Code § 25504 for the Fund's violations of law.

31. Defendant Semper Capital Partners LLC ("Semper Partners") is a Delaware limited liability company that is the General Partner of Semper Capital and controls Semper Capital, which in turn controls the Fund, making Semper Partners a control person of the Fund. As a control person of the Fund, Semper Partners is statutorily liable under Cal. Corp. Code § 25504 for the Fund's violations of law.

32. Defendant RDP I LLC (RDP) is a Delaware limited liability company that is a direct owner of Semper Capital and controls Semper Capital. RDP is identified as a control person in Semper Capital's Form ADV filed under penalty of perjury with the United States Securities and Exchange Commission. Semper Capital in turn controls the Fund, making RDP a control person of the Fund. As a control person of the Fund, RDP is statutorily liable under Cal. Corp. Code § 25504 for the Fund's violations of law.

33. Defendant Gregory A. Parsons, in addition to being a director of the Fund, is also a direct owner of Semper Capital and controls Semper Capital. Gregory Parsons is identified as a control person in Semper Capital's Form ADV filed under penalty of perjury with the United States Securities and Exchange Commission. Semper Capital in turn controls the Fund, making Parsons a control person of the Fund. Gregory A. Parsons is also an indirect owner of Semper Capital and is a Member of Semper Partners and controls Semper Partners, which in turn controls Semper Capital, which in turn controls the Fund, making a Gregory Parsons a control person of the Fund. As a control person of the Fund, Gregory Parsons is statutorily liable under Cal. Corp. Code § 25504 for the Fund's

violations of law.

34. Defendant RSL Capital LLC is a Delaware limited liability company that is a direct owner of Semper Capital. RSL is identified as a control person in Semper Capital's Form ADV filed under penalty of perjury with the United States Securities and Exchange Commission. Semper Capital in turn controls the Fund, making RSL a control person of the Fund. As a control person of the Fund, RSL is statutorily liable under Cal. Corp. Code § 25504 for the Fund's violations of law.

35. Defendant Stephen C. Ellwood is the Chief Operating Officer and Chief Legal Officer of Semper Capital and a direct owner of Semper Capital and controls Semper Capital. Ellwood is identified as a control person in Semper Capital's Form ADV filed under penalty of perjury with the United States Securities and Exchange Commission. Semper Capital in turn controls the Fund, making Ellwood a control person of the Fund. As a control person of the Fund, Ellwood is statutorily liable under Cal. Corp. Code § 25504 for the Fund's violations of law.

36. Defendant Richard D. Parsons is an indirect owner of Semper Capital and is the Managing Member of RDP and controls RDP, which in turn controls Semper Capital. Richard Parsons is identified as a control person in Semper Capital's Form ADV filed under penalty of perjury with the United States Securities and Exchange Commission. Semper Capital in turn controls the Fund, making Richard Parsons a control person of the Fund. As a control person of the Fund, Richard Parsons is statutorily liable under Cal. Corp. Code § 25504 for the Fund's violations of law.

37. Defendant Ronald S. Lauder is an indirect owner of Semper Capital and is a Member of RSL and controls RSL, which in turn controls Semper Capital. Lauder is identified as a control person in Semper Capital's Form ADV filed under penalty of perjury with the United States Securities and Exchange Commission. Semper Capital in turn controls the Fund, making Lauder a control person of the Fund. As a control person of the Fund, Lauder is statutorily liable under Cal. Corp. Code § 25504 for the Fund's violations of law.

38. Defendant Gregory W. Ellis is an indirect owner of Semper Capital and is a Member of Semper Partners and controls Semper Partners, which in turn controls Semper Capital. Ellis is identified as a control person in Semper Capital's Form ADV filed under penalty of perjury with the United States Securities and Exchange Commission. Semper Capital in turn controls the Fund,

making Ellis a control person of the Fund. As a control person of the Fund, Ellis is statutorily liable under Cal. Corp. Code § 25504 for the Fund's violations of law.

39. Semper Capital, Semper Partners, RDP, Gregory Parsons, RSL, Ellwood, Richard Parsons, and Lauder are hereinafter referred to as the "Semper Capital Defendants."

40. The Director Defendants and the Semper Capital Defendants are hereinafter collectively referred to as the "Control Defendants."

**The Doe Defendants**

41. Plaintiff is unaware of the names of the Defendants identified herein as DOES 1-20, inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes, and on that basis alleges, that Defendants sued herein as DOES are responsible in some manner for the practices, acts, conduct, and occurrences alleged herein, as either actual perpetrators or coconspirators, control persons, aiders and abettors, officers, directors, and/or managing agents with the knowledge, control, authority, direction, and/or ratification of the other Defendants. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of the DOE Defendants and the roles they played once their identities and/or manner of participation in the wrongful conduct herein described is ascertained.

## FIRST CAUSE OF ACTION

*(Against the Fund for Violation of California Corporations Code §§ 25401 and 25501)*

42. On or about December 1, 2019 the Fund offered and sold in this state a security by means of written and oral communications that included untrue statements of material fact and omitted to state material facts necessary to make the statements made, in the light of the circumstances under which the statements were made, not misleading.

43. Plaintiff suffered damages as a result.

44. The Fund is therefore liable for damages under California Corporations Code §§ 25401 and 25501.

## SECOND CAUSE OF ACTION

*(Against the Director Defendants for Liability Under California Corporations Code § 25504)*

45. As directors of the Fund the Director Defendants are liable to Plaintiff for damages

under California Corporations Code § 25504.

**THIRD CAUSE OF ACTION**

*(Against the Control Defendants for Liability Under California Corporations Code § 25504)*

46. As persons who directly or indirectly control the Fund, the Control Defendants are liable to Plaintiff for damages under California Corporations Code § 25504.

**PRAYER FOR RELIEF**

**WHEREFORE**, based on the foregoing, Plaintiff respectfully requests that this Court award damages to Plaintiff as provided for in California Corporations Code § 25501.

Dated: January 8, 2021

Respectfully Submitted,

David M. Furbush
**Law Office of David M. Furbush**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 655-1121
Email: dmf@furbush.com

*Attorney for Plaintiff*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON 1/11/2021
By /s/ Anthony Berini
Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Semper Midas Fund, Ltd.; Gregory A. Parsons, an individual; David Bree, an individual; Semper Capital Management, L.P.; "Additional Parties Attachment form is attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

Alan B. Kalin, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO
400 County Center, Redwood City, CA 94063

CASE NUMBER: *(Número del Caso):*
21-CIV-00134

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David M. Furbush, Law Office of David M. Furbush, Four Embarcadero Center, Suite 1400, San Francisco, CA 94111, 415-655-1121

DATE: *(Fecha)* 1/11/2021 Neal I. Taniguchi Clerk, by *(Secretario)* /s/ Anthony Berini , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

[SEAL]




**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*

**SUM-200(A)**

| SHORT TITLE: Kalin v. Semper Midas Fund | CASE NUMBER: |
|---|---|

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☒ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

Semper Capital Partners LLC; RDP I LLC; RSL Capital LLC; Stephen C. Ellwood, an individual; Richard D. Parsons, an individual; Ronald S. Lauder, an individual; and Gregory W. Ellis, an individual; and DOES 1 through 20.



Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 83347<br>NAME: David M. Furbush<br>FIRM NAME: Law Office of David M. Furbush<br>STREET ADDRESS: Four Embarcadero Center, Suite 1400<br>CITY: San Francisco STATE: CA ZIP CODE: 94111<br>TELEPHONE NO.: (415) 655-1121 FAX NO.:<br>E-MAIL ADDRESS: dmf@furbush.com<br>ATTORNEY FOR (*Name*): Plaintiff Alan B. Kalin | *FOR COURT USE ONLY* |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** MARIN<br>STREET ADDRESS: 400 County Center<br>MAILING ADDRESS: Same<br>CITY AND ZIP CODE: Redwood City, CA 94063<br>BRANCH NAME: Southern Branch | |
| Plaintiff/Petitioner: Alan B. Kalin<br>Defendant/Respondent: Semper Midas Fund, Ltd. et al. | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>21-CIV-00134 |

TO *(insert name of party being served)*: Gregory W. Ellis

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: Sent by E-mail on 1-13-21

David M. Furbush
(TYPE OR PRINT NAME)

▶ David M. Furbush
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify)*:

Civil Case Cover Sheet.
Notice of Assignment for All Purposes (Civil) and Notice of Case Management Statement.

***(To be completed by recipient):***

Date this form is signed: January 27, 2021

Jeremiah L. Williams, counsel for Gregory Ellis
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ Jeremiah Williams
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 83347<br>NAME: David M. Furbush<br>FIRM NAME: Law Office of David M. Furbush<br>STREET ADDRESS: Four Embarcadero Center, Suite 1400<br>CITY: San Francisco STATE: CA ZIP CODE: 94111<br>TELEPHONE NO.: (415) 655-1121 FAX NO. :<br>E-MAIL ADDRESS: dmf@furbush.com<br>ATTORNEY FOR (*Name*): Plaintiff Alan B. Kalin | ***FOR COURT USE ONLY*** |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** MARIN<br>STREET ADDRESS: 400 County Center<br>MAILING ADDRESS: Same<br>CITY AND ZIP CODE: Redwood City, CA 94063<br>BRANCH NAME: Southern Branch | |
| Plaintiff/Petitioner: Alan B. Kalin<br>Defendant/Respondent: Semper Midas Fund, Ltd. et al. | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>21-CIV-00134 |

TO *(insert name of party being served):* Stephen C. Ellwood

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: Sent by E-mail on 1-13-21

David M. Furbush
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify):*

Civil Case Cover Sheet.

***(To be completed by recipient):***

Date this form is signed: January 27, 2021

Jeremiah L. Williams, counsel for Stephen C. Ellwood
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ Jeremiah Williams
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)



Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure, §§ 415.30, 417.10
*www.courtinfo.ca.gov*

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 83347<br>NAME: David M. Furbush<br>FIRM NAME: Law Office of David M. Furbush<br>STREET ADDRESS: Four Embarcadero Center, Suite 1400<br>CITY: San Francisco STATE: CA ZIP CODE: 94111<br>TELEPHONE NO.: (415) 655-1121 FAX NO. :<br>E-MAIL ADDRESS: dmf@furbush.com<br>ATTORNEY FOR (*Name*): Plaintiff Alan B. Kalin | ***FOR COURT USE ONLY*** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** MARIN<br>STREET ADDRESS: 400 County Center<br>MAILING ADDRESS: Same<br>CITY AND ZIP CODE: Redwood City, CA 94063<br>BRANCH NAME: Southern Branch | |
| Plaintiff/Petitioner: Alan B. Kalin<br>Defendant/Respondent: Semper Midas Fund, Ltd. et al. | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>21-CIV-00134 |

TO *(insert name of party being served):* Semper Midas Fund, Ltd.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: Sent by E-mail on 1-13-21

David M. Furbush
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify):*

Civil Case Cover Sheet.

***(To be completed by recipient):***

Date this form is signed: January 27, 2021

Jeremiah L. Williams, counsel for Semper Midas Fund, Ltd.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ Jeremiah Williams
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 83347<br>NAME: David M. Furbush<br>FIRM NAME: Law Office of David M. Furbush<br>STREET ADDRESS: Four Embarcadero Center, Suite 1400<br>CITY: San Francisco STATE: CA ZIP CODE: 94111<br>TELEPHONE NO.: (415) 655-1121 FAX NO. :<br>E-MAIL ADDRESS: dmf@furbush.com<br>ATTORNEY FOR (*Name*): Plaintiff Alan B. Kalin | ***FOR COURT USE ONLY*** |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** MARIN<br>STREET ADDRESS: 400 County Center<br>MAILING ADDRESS: Same<br>CITY AND ZIP CODE: Redwood City, CA 94063<br>BRANCH NAME: Southern Branch | |
| Plaintiff/Petitioner: Alan B. Kalin<br>Defendant/Respondent: Semper Midas Fund, Ltd. et al. | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>21-CIV-00134 |

TO *(insert name of party being served):* Ronald S. Lauder

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: Sent by E-mail on 1-13-21

David M. Furbush
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify):*

Civil Case Cover Sheet.

***(To be completed by recipient):***

Date this form is signed: January 27, 2021

Jeremiah L. Williams, counsel for Ronald S. Lauder
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ [signature: Jeremiah Williams]
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**POS-015**

ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 83347
NAME: David M. Furbush
FIRM NAME: Law Office of David M. Furbush
STREET ADDRESS: Four Embarcadero Center, Suite 1400
CITY: San Francisco STATE: CA ZIP CODE: 94111
TELEPHONE NO.: (415) 655-1121 FAX NO. :
E-MAIL ADDRESS: dmf@furbush.com
ATTORNEY FOR (*Name*): Plaintiff Alan B. Kalin

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** MARIN
STREET ADDRESS: 400 County Center
MAILING ADDRESS: Same
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern Branch

Plaintiff/Petitioner: Alan B. Kalin
Defendant/Respondent: Semper Midas Fund, Ltd. et al.

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER: 21-CIV-00134

TO *(insert name of party being served):* Gregory A. Parsons

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: Sent by E-mail on 1-13-21

David M. Furbush
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify):*

Civil Case Cover Sheet.

***(To be completed by recipient):***

Date this form is signed: January 27, 2021

Jeremiah L. Williams, counsel for Gregory A. Parsons
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

Jeremiah Williams
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 83347<br>NAME: David M. Furbush<br>FIRM NAME: Law Office of David M. Furbush<br>STREET ADDRESS: Four Embarcadero Center, Suite 1400<br>CITY: San Francisco STATE: CA ZIP CODE: 94111<br>TELEPHONE NO.: (415) 655-1121 FAX NO. :<br>E-MAIL ADDRESS: dmf@furbush.com<br>ATTORNEY FOR (*Name*): Plaintiff Alan B. Kalin | ***FOR COURT USE ONLY*** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** MARIN<br>STREET ADDRESS: 400 County Center<br>MAILING ADDRESS: Same<br>CITY AND ZIP CODE: Redwood City, CA 94063<br>BRANCH NAME: Southern Branch | |
| Plaintiff/Petitioner: Alan B. Kalin<br>Defendant/Respondent: Semper Midas Fund, Ltd. et al. | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>21-CIV-00134 |

TO *(insert name of party being served):* Richard D. Parsons

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: Sent by E-mail on 1-13-21

David M. Furbush
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify):*

Civil Case Cover Sheet.

***(To be completed by recipient):***

Date this form is signed: January 27, 2021

Jeremiah L. Williams, counsel for Richard D. Parsons
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ [signature: Jeremiah Williams]
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 83347<br>NAME: David M. Furbush<br>FIRM NAME: Law Office of David M. Furbush<br>STREET ADDRESS: Four Embarcadero Center, Suite 1400<br>CITY: San Francisco STATE: CA ZIP CODE: 94111<br>TELEPHONE NO.: (415) 655-1121 FAX NO. :<br>E-MAIL ADDRESS: dmf@furbush.com<br>ATTORNEY FOR (*Name*): Plaintiff Alan B. Kalin | ***FOR COURT USE ONLY*** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** MARIN<br>STREET ADDRESS: 400 County Center<br>MAILING ADDRESS: Same<br>CITY AND ZIP CODE: Redwood City, CA 94063<br>BRANCH NAME: Southern Branch | |
| Plaintiff/Petitioner: Alan B. Kalin<br>Defendant/Respondent: Semper Midas Fund, Ltd. et al. | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>21-CIV-00134 |

TO *(insert name of party being served):* RDP I LLC

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: Sent by E-mail on 1-13-21

David M. Furbush ▶ David M. Furbush (signature)

(TYPE OR PRINT NAME) (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify):*

Civil Case Cover Sheet.

***(To be completed by recipient):***

Date this form is signed: January 27, 2021

Jeremiah L. Williams, counsel for RDP I LLC ▶ Jeremiah Williams (signature)

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED) (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)



Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure, §§ 415.30, 417.10
*www.courtinfo.ca.gov*

**POS-015**

ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 83347
NAME: David M. Furbush
FIRM NAME: Law Office of David M. Furbush
STREET ADDRESS: Four Embarcadero Center, Suite 1400
CITY: San Francisco STATE: CA ZIP CODE: 94111
TELEPHONE NO.: (415) 655-1121 FAX NO. :
E-MAIL ADDRESS: dmf@furbush.com
ATTORNEY FOR (*Name*): Plaintiff Alan B. Kalin

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** MARIN
STREET ADDRESS: 400 County Center
MAILING ADDRESS: Same
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern Branch

Plaintiff/Petitioner: Alan B. Kalin
Defendant/Respondent: Semper Midas Fund, Ltd. et al.

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER: 21-CIV-00134

TO *(insert name of party being served)*: RSL Capital LLC

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: Sent by E-mail on 1-13-21

David M. Furbush
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify)*:

Civil Case Cover Sheet.

***(To be completed by recipient):***

Date this form is signed: January 27, 2021

Jeremiah L. Williams, counsel for RSL Capital LLC
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

[signature: Jeremiah Williams]
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)



Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]



Code of Civil Procedure, §§ 415.30, 417.10
*www.courtinfo.ca.gov*

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 83347<br>NAME: David M. Furbush<br>FIRM NAME: Law Office of David M. Furbush<br>STREET ADDRESS: Four Embarcadero Center, Suite 1400<br>CITY: San Francisco STATE: CA ZIP CODE: 94111<br>TELEPHONE NO.: (415) 655-1121 FAX NO. :<br>E-MAIL ADDRESS: dmf@furbush.com<br>ATTORNEY FOR (*Name*): Plaintiff Alan B. Kalin | ***FOR COURT USE ONLY*** |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** MARIN<br>STREET ADDRESS: 400 County Center<br>MAILING ADDRESS: Same<br>CITY AND ZIP CODE: Redwood City, CA 94063<br>BRANCH NAME: Southern Branch | |
| Plaintiff/Petitioner: Alan B. Kalin<br>Defendant/Respondent: Semper Midas Fund, Ltd. et al. | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>21-CIV-00134 |

TO *(insert name of party being served):* Semper Capital Management, L.P.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: Sent by E-mail on 1-13-21

David M. Furbush
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify):*

Civil Case Cover Sheet.

***(To be completed by recipient):***

Date this form is signed: January 27, 2021

Jeremiah L. Williams, counsel for Semper Capital Management L.P.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ Jeremiah Williams
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 83347<br>NAME: David M. Furbush<br>FIRM NAME: Law Office of David M. Furbush<br>STREET ADDRESS: Four Embarcadero Center, Suite 1400<br>CITY: San Francisco STATE: CA ZIP CODE: 94111<br>TELEPHONE NO.: (415) 655-1121 FAX NO. :<br>E-MAIL ADDRESS: dmf@furbush.com<br>ATTORNEY FOR (*Name*): Plaintiff Alan B. Kalin | ***FOR COURT USE ONLY*** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** MARIN<br>STREET ADDRESS: 400 County Center<br>MAILING ADDRESS: Same<br>CITY AND ZIP CODE: Redwood City, CA 94063<br>BRANCH NAME: Southern Branch | |
| Plaintiff/Petitioner: Alan B. Kalin<br>Defendant/Respondent: Semper Midas Fund, Ltd. et al. | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>21-CIV-00134 |

TO *(insert name of party being served):* Semper Capital Partners LLC

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: Sent by E-mail on 1-13-21

David M. Furbush
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify):*

Civil Case Cover Sheet.

***(To be completed by recipient):***

Date this form is signed: January 27, 2021

Jeremiah L. Williams, counsel for Semper Capital Partners LLC
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ [signature]
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

DAVID M. FURBUSH (CA Bar # 83447)
**Law Office of David M. Furbush**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 655-1121
Email: dmf@furbush.com

Attorney for Plaintiff Alan B. Kalin

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN MATEO**

| | |
|---|---|
| Alan B. Kalin, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Semper Midas Fund, Ltd.; Gregory A. Parsons, an individual; David Bree, an individual; Semper Capital Management, L.P.; Semper Capital Partners LLC; RDP I LLC; RSL Capital LLC; Stephen C. Ellwood, an individual; Richard D. Parsons, an individual; Ronald S. Lauder, an individual; and Gregory W. Ellis, an individual,<br><br>Defendants. | Case No.: 21-CIV-00134<br><br>**PLAINTIFF'S REQUEST FOR PRODUCTION, SET ONE** |

PROPOUNDING PARTY: Alan B. Kalin

RESPONDING PARTY: Semper Capital Management, L.P.

SET NO.: One

**DEFINITIONS**

1. The term "you" and "your" means Semper Capital Management, L.P. and its affiliated entities including, but not limited to, Semper Midas Fund, Ltd. and Semper Capital Partners LLC, and the officers, directors, employees, consultants, members, and partners of the foregoing.

2. The term "the Fund" means Semper Midas Fund, Ltd.

3. The term "the Investment Manager" means Semper Capital Management, L.P.

4. The term "document" means writings of every kind including, without limitation, any "writing", "originals," and "duplicates" as defined in California Evidence Code sections 250, 255 and 260. This includes the original and all non-identical copies thereof in your possession, custody, or control. The term also includes handwritten, typewritten, printed, photocopied, photographed or other recorded matter. It shall include for example communications by way of documents, letters, emails, text messages, notes, memorandums, recordings, words, pictures, sounds, symbols, or combinations thereof, and all copies thereof which are different in any way from the original. It also includes sound recordings, pictures, films, audiotapes, videotapes, computer disks, CD disks, e-mails, notes, summaries, and any other means to store or access information by computer or other information storage or retrieval systems, together with codes and/or programming instructions and other materials necessary to understand and use such systems.

**INSTRUCTIONS**

1. In accordance with California Code of Civil Procedure Section 2031.280(a), identify the specific request number to which each document responds.

2. In accordance with California Code of Civil Procedure Section 2031.030(a)(2) and Local Rule 3.300(e), produce all documents in electronic .pdf format.

3. The time for production of the documents requested herein shall be 30 days after service of this demand.

**REQUEST FOR DOCUMENTS NO. 1.**

Please produce all documents showing all assets of the Fund, the material terms of such assets, and changes in such assets for the period December 1, 2019 through April 30, 2010.

**REQUEST FOR DOCUMENTS NO. 2:**

Please produce all documents showing all daily closing bid/ask prices for all assets of the Fund for the period December 1, 2019 through April 30, 2010.

**REQUEST FOR DOCUMENTS NO. 3.**

Please produce all documents showing all mark-to-market calculations for all assets of the Fund for the period December 1, 2019 through April 30, 2010.

**REQUEST FOR DOCUMENTS NO. 4.**

Please produce all documents showing all borrowing arrangements and repurchase agreements of the Fund and all documents relating to each for the period December 1, 2019 through April 30, 2010.

**REQUEST FOR DOCUMENTS NO. 5:**

Please produce all documents showing aggregate leverage of the Fund and the components thereof for the period December 1, 2019 through April 30, 2010.

**REQUEST FOR DOCUMENTS NO. 6.**

Please produce all documents relating to repurchase agreement counterparty margin call activity for the Fund, including all correspondence, notes of telephone calls and meetings with such counterparties for the period December 1, 2019 through April 30, 2010.

**REQUEST FOR DOCUMENTS NO. 7.**

Please produce all documents relating to hedging instruments of the Fund for the period December 1, 2019 through April 30, 2010, including all documents relating to the design, methodology and adequacy of such instruments.

**REQUEST FOR DOCUMENTS NO. 8.**

Please produce all documents relating to risk analysis for the Fund for the period January 1, 2018 through present including systems and methods for conducting such analyses, results of such analyses, and discussions relating to such results.

**REQUEST FOR DOCUMENTS NO. 9.**

Please produce documents sufficient to show the qualifications of the persons involved in conducting, reviewing, or approving the analyses referred to in Request No. 8, above.

**REQUEST FOR DOCUMENTS NO. 10.**

Please produce all documents relating to stress testing for the Fund for the period January 1, 2018 through present including systems and methods for conducting such testing, results of such testing, and discussions relating to such results.

**REQUEST FOR DOCUMENTS NO. 11.**

Please produce documents sufficient to show the qualifications of the persons involved in conducting, reviewing, or approving the stress testing referred to in Request No. 10, above.

**REQUEST FOR DOCUMENTS NO. 12.**

Please produce all documents relating to scenario analysis for the Fund for the period January 1, 2018 through present including systems and methods for conducting such analyses, results of such analyses, and discussions relating to such results.

**REQUEST FOR DOCUMENTS NO. 13.**

Please produce documents sufficient to show the qualifications of the persons involved in conducting, reviewing, or approving the scenario analysis referred to in Request No. 12, above.

**REQUEST FOR DOCUMENTS NO. 14.**

Please produce all documents relating to cash flow modeling for the Fund for the period January 1, 2018 through present including systems and methods for conducting such modeling, results of such modeling, and discussions relating to such results.

**REQUEST FOR DOCUMENTS NO. 15.**

Please produce documents sufficient to show the qualifications of the persons involved in conducting, reviewing, or approving the cash flow modeling referred to in Request No. 14, above.

**REQUEST FOR DOCUMENTS NO. 16.**

Please produce all documents not otherwise covered by Request Nos. 8, 10, 12 and 14, above pertaining to analysis, evaluation, or assessment of the sensitivity of the valuation of the fund's assets to changes of any kind in the relevant trading markets including systems

and methods for conducting such analyses, evaluations, or assessments results of such analyses, evaluations, or assessments and discussions relating to such results.

**REQUEST FOR DOCUMENTS NO. 17.**

Please produce documents sufficient to show the qualifications of the persons involved in conducting, reviewing, or approving the analyses, evaluations or assessments referred to in Request No. 16, above.

**REQUEST FOR DOCUMENTS NO. 18.**

Please produce all documents reflecting contingency plans in the event of a margin call by counterparties to repurchase agreements that were in effect during the period December 1, 2019 through April 30, 2020.

**REQUEST FOR DOCUMENTS NO. 19.**

Please produce all documents reflecting lines of credit or other financial resources that could be called upon in the event of a margin call by counterparties to repurchase agreements that were in effect during the period December 1, 2019 through April 30, 2020.

**REQUEST FOR DOCUMENTS NO. 20.**

Please produce all documents relating to meetings of the board of directors of the Fund during the period January 1, 2018 through present including, but not limited to, notices of meetings, agendas, minutes, memoranda, presentations, information packages, and other materials provided to directors in advance of, during, or following such meetings.

**REQUEST FOR DOCUMENTS NO. 21.**

Please produce documents sufficient to show the identities of persons who authored or contributed to the portions of the Investment Manager's Form ADV describing control persons of the Investment Manager.

**REQUEST FOR DOCUMENTS NO. 22.**

Please produce all documents relating to communications about the portions of the Investment Manager's Form ADV describing control persons of the Investment Manager.

**REQUEST FOR DOCUMENTS NO. 23.**

Please produce all documents showing the percentage ownership of each of Gregory Parsons, David Bree, Stephen Ellwood, Richard Parsons, RDP LLC, RSL Capital, LLC, Stephen Ellwood, Ronald Lauder and Gregory Ellis in the Fund for the period December 1, 2019 through April 30, 2020.

**REQUEST FOR DOCUMENTS NO. 24.**

Please produce all documents showing the percentage ownership of each of Gregory Parsons, David Bree, Stephen Ellwood, Richard Parsons, RDP LLC, RSL Capital, LLC, Stephen Ellwood, Ronald Lauder and Gregory Ellis in the Investment Manager for the period December 1, 2019 through April 30, 2020.

**REQUEST FOR DOCUMENTS NO. 25.**

Please produce all documents showing the percentage ownership of each of Gregory Parsons, David Bree, Stephen Ellwood, Richard Parsons, RDP LLC, RSL Capital LLC, Stephen Ellwood, Ronald Lauder and Gregory Ellis in Semper Capital Partners LLC for the period December 1, 2019 through April 30, 2020.

**REQUEST FOR DOCUMENTS NO. 26.**

Please produce all documents constituting or referring to analyses or discussions at any time of the causes of the losses experienced in the Fund during 2020.

**REQUEST FOR DOCUMENTS NO. 27.**

Please produce all documents constituting or referring to analyses or discussions at any time of any inadequacies or failures of risk management, including but not limited to stress testing, relating to the losses experienced in the Fund during 2020.

**REQUEST FOR DOCUMENTS NO. 28.**

Please produce all documents constituting or referring to analyses or discussions at any time of any inadequacies or failures of hedging strategies relating to the losses experienced in the Fund during 2020.

**REQUEST FOR DOCUMENTS NO. 29.**

Please provide documents sufficient to show, as of January 11, 2021, the name and citizenship of each general and limited partner of the Investment Manager and, if any general or limited partner is a partnership, limited liability company, or other non-incorporated entity, please provide documents sufficient to show the name and citizenship of each of its partners or members.

**REQUEST FOR DOCUMENTS NO. 30.**

Please provide documents sufficient to show, as of January 11, 2021, the name and citizenship of each member of Semper Capital Partners LLC, RDP LLC and RSL Capital LLC and, if any member is a partnership, limited liability company, or other non-incorporated entity, please provide documents sufficient to show the name and citizenship of each of its partners or members.

**REQUEST FOR DOCUMENTS NO. 31.**

Please provide all documents constituting or referring to communications between the Investment Manager, its employees or board members, and its related entities and Ronald Lauder during the period January 1, 2019 to present.

**REQUEST FOR DOCUMENTS NO. 32.**

Please provide all documents constituting or referring to communications between the Investment Manager, its employees or board members, and its related entities and Richard Parsons during the period January 1, 2019 to present.

**REQUEST FOR DOCUMENTS NO. 33.**

Please provide all documents constituting or referring to communications between the Investment Manager, its employees or board, and its related entities and Gregory Ellis during the period January 1, 2019 to present.

**REQUEST FOR DOCUMENTS NO. 34.**

Please produce all documents that support the statement on page 3 of the Semper Midas Fund, Ltd. Confidential Information Memorandum dated July 1, 2019 that the Investment Manager engages in rigorous quantitative analysis.

**REQUEST FOR DOCUMENTS NO. 35.**

Please produce all documents that support the statement on page 3 of the Semper Midas Fund, Ltd. Confidential Information Memorandum dated July 1, 2019 that the Investment Manager engages in structured stress-testing with thoughtful qualitative analysis.

**REQUEST FOR DOCUMENTS NO. 36.**

Please produce all documents that support the statement on page 16 of the Semper Midas Fund, Ltd. Confidential Information Memorandum dated July 1, 2019 that the Investment Manager engages in rigorous cash flow modeling, scenario analysis and stress testing.

**REQUEST FOR DOCUMENTS NO. 37.**

Please produce all documents that support the statement on page 16 of the Semper Midas Fund, Ltd. Confidential Information Memorandum dated July 1, 2019 that the Investment Manager engages in continuous monitoring of hedging strategies for each sector and overall portfolio.

**REQUEST FOR DOCUMENTS NO. 38.**

Please produce all documents that constituting, mentioning, or relating to communications with the United States Securities and Exchange Commission from January 1, 2020 to present.

**REQUEST FOR DOCUMENTS NO. 39.**

Please produce all documents that constituting, mentioning, or relating to communications with the Financial Industry Regulatory Authority from January 1, 2020 to present.

**REQUEST FOR DOCUMENTS NO. 40.**

Please produce all insurance policies that provide or may provide coverage for any defendant for the claims asserted in this lawsuit and any coverage letters relating to this lawsuit.

**REQUEST FOR DOCUMENTS NO. 41.**

Please produce all agreements that provide or may provide for indemnification of any defendant for the claims asserted in this lawsuit.

**REQUEST FOR DOCUMENTS NO. 42.**

Please produce all communications relating to this lawsuit or the claims asserted in this lawsuit.

**REQUEST FOR DOCUMENTS NO. 43.**

Please produce all documents that mention, refer, or relate to Plaintiff.

Dated: February 8, 2021

Respectfully Submitted,

David M. Furbush
**Law Office of David M. Furbush**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 655-1121
Email: dmf@furbush.com

*Attorney for Plaintiff*